

Villanova University School of Law

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2004

# Constr Drilling Inc v. Chusid

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Constr Drilling Inc v. Chusid" (2004). *2004 Decisions*. Paper 1024.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1024

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-3280

CONSTRUCTION DRILLING, INC.;
THOMAS R. CROFTS; STEPHEN L. ABSHER

v.

EUGENE G. CHUSID; BORIS G. CHUSID; SVETLANA B. CHUSID,
a/k/a LANA CHUSID, a/k/a SVELTANA IVANOV; GREGORY K. CHUSID,
a/k/a GRIGORY CHUSID; EUGENE BENDER; ALFRED KRUGER,
a/k/a ADOLF KRUGER; MICHAEL SWARTZ; INTERNATIONAL FINANCIAL
HOLDINGS, LTD.; d/b/a CARRIBEAN BANK OF COMMERCE,
a/k/a INTERNATIONAL FINANCIAL HOLDINGS, INC.;
CARIBBEAN BANK OF COMMERCE, LTD.; GLOBAL UNDERWRITERS, INC.;
THE WORLD WIDE TRADING GROUP OF COMPANIES, INC.,
a/k/a WORLD WIDE TRADING GROUP, INC.; IEIEC WORLD HEADQUARTERS
CORPORATION, a/k/a IEIEC INC. GROUP OF COMPANIES,
a/k/a IMPORT EXPORT INTERNATIONAL ENGINEERING CO.;
ALL AMERICAN SPORTS BAR & GRILL, a/k/a THE RUSSIAN WHITE HOUSE
RESTAURANT, INC., a/k/a WHITE HOUSE RESTAURANT, INC.;
LIBERTY INTERNATIONAL CANADA, INC.; AMADON-RDC, INC.; SMDM&E
LTD.;
WORLD U.S. FINANCIAL SERVICES, INC., a/k/a WORLD U.S.;
EUGENE H. CHANCE; JAMES H. CHANCE; PLANAR, S.A.;
NIKOLAY MATTEV NIKOLOV

Gregory K. Chusid,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(Civil Action No. 99-cv-3352)
District Court: Hon. William H. Walls

Submitted Pursuant to Third Circuit LAR 34.1(a)

September 18, 2003

Before: McKEE and SMITH, Circuit Judges,
and SCHILLER, District Judge[*].

(Filed: February 5, 2004)

OPINION

McKEE, Circuit Judge.

In this appeal, Gregory K. Chusid, et al, argues that the district court erred in denying his motion for reconsideration of the court's Contempt of Court and Incarceration Order entered on March 14, 2002. For the reasons that follow, we will dismiss the appeal for lack of jurisdiction.

**I.**

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient to note that on July 16, 1999, plaintiffs filed a Complaint in the District Court of New Jersey, naming Gregory Chusid, members of his family, and entities controlled by the Chusid family as defendants. Plaintiffs alleged that the Chusid family used sham corporations to fraudulently obtain, and then abscond with, their funds.

On July 16, 1999, the district court found a probability of success of plaintiff's claims, and entered a Restraining Order that prohibited the defendants from transferring their assets. Despite this Restraining Order, the defendants transferred $2,760,000 of

---

[*] The Honorable Berle M. Schiller, United States District Judge, Eastern District of Pennsylvania, sitting by designation.

their funds into a Luxembourg bank account. The defendants allegedly concealed the transfer by creating an offshore corporation known as Planar, S.A. that held title to the bank account. On October 31, 2001, the district court held Gregory Chusid in contempt of court for violating the Restraining Order. The district court also ordered Gregory Chusid to transfer the funds held in the Luxembourg account to a federally chartered financial institution located in the District of New Jersey.

Gregory Chusid did not repatriate the funds, and on March 14, 2002, the district court entered another Order holding Gregory Chusid in contempt of court for a second time. The court also ordered his incarceration to compel his compliance with the October 31, 2001 Order. The district court's rulings had also been announced from the bench after a hearing on the merits on March 6, 2002.

On April 23, 2002, Gregory Chusid filed a Notice of Appeal of the Incarceration Order and a "Motion for and Extension of Time for Leave to File a Notice of Appeal in the District Court." He subsequently withdrew his April motion.

Gregory Chusid violated the Incarceration Order. He did not surrender to authorities or repatriate the funds. Instead, he fled the country. On May 24, 2002, while still a fugitive, Gregory Chusid moved for reconsideration of the March 14, 2002 Incarceration Order. The district court denied his motion on July 18, 2002, because it was untimely and because Gregory Chusid did not establish grounds to warrant reconsideration.

Gregory Chusid filed a Notice of Appeal on August 16, 2002. In this appeal, Gregory Chusid seeks relief from the July 18, 2002 Order denying his motion for reconsideration. He still has not repatriated the funds nor surrendered for incarceration. For the reasons that follow, we will dismiss the appeal for lack of jurisdiction.

## II.

Gregory Chusid appeals the district court's July 18, 2002 Order denying his motion for reconsideration of the district court's March 14, 2002 Incarceration Order, and asks that we instruct the district court to vacate the Incarceration Order. However, Chusid failed to preserve his appellate rights with respect to the Incarceration Order. He did not file a Notice of Appeal seeking review of the Incarceration Order within thirty days of March 14, 2002, as required under F.R.A.P. 4(a). Similarly, he did not timely file any of the motions allowed under F.R.A.P. 4(a)(4) to extend his appellate deadlines. Additionally, he never filed a motion for leave to appeal under F.R.A.P. 5 or obtained relief from the district court under 28 U.S.C. § 1292(b). Accordingly, no matter how the Incarceration Order is characterized, no timely action was ever taken to preserve Chusid's appellate rights. Therefore, as a matter of law, we lack jurisdiction to hear an untimely appeal.

Furthermore, Chusid's motion for reconsideration was also untimely, as it was not filed within ten days after the entry of judgment as required by Fed. R. Civ. Proc. 59(e) and L.Civ.R. 7.1(g). An untimely motion for reconsideration is "void and of no effect."

4

*Amatangelo v. Borough of Donora*, 212 F.3d 776, 780 (3d Cir. 2000).  The incarceration was orally ordered at a hearing on March 6, 2002, and was entered on the docket on March 14, 2002.  Chusid did not file a motion for reconsideration of that order until May 24, 2002.  Thus, we lack jurisdiction to review the July 18, 2002 Order denying his motion for reconsideration.

In addition, civil contempt orders are interlocutory and unreviewable except where incident to an appeal from a judgment that is otherwise appealable.  *Halderman v. Pennhurst State School & Hospital*, 673 F.2d 628, 636 (3d Cir. 1982).

### III.

For all of the above reasons, we dismiss the appeal for lack of jurisdiction.

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

/s/ Theodore A. McKee,

Circuit Judge

5