

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2007

# Adams USA Inc v. Reda Sports Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2395

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Adams USA Inc v. Reda Sports Inc" (2007). *2007 Decisions.* Paper 1440.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1440

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2395

ADAMS USA, INC.

v.

REDA SPORTS, INC., doing business as
REDA SPORTS GROUP, doing business as
REDA SPORTS EXPRESS; SCOTT REDA, Individually,

Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cv-00718)
District Judge: Honorable James K. Gardner

Submitted under Third Circuit LAR 34.1(a)
on December 12, 2006

Before: SMITH and ROTH, <u>Circuit Judges</u>
and IRENAS*, <u>District Judge</u>

(Filed March 22, 2007)

---

*Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by designation.

---

OPINION

---

**ROTH**, <u>Circuit Judge</u>:

Scott Reda and Reda Sports, Inc. (Reda), appeal from the District Court's orders denying two motions to vacated default judgment. We will dismiss the appeal because it is not properly before us.

Adams USA, Inc. (Adams), brought a breach of contract action against Reda to recover monies due for past sales of sporting equipment. A time-line of the procedural steps leading to this appeal is helpful in understanding why the appeal must be dismissed:

1. February 24, 2004: Adams served Reda with the complaint.

2. March 16, 2004: The deadline for response pleading from Reda passed.

3. April 7, 2004: Adams filed pleadings to obtain a default judgment.

4. April 8, 2004: The District Court entered default judgment in favor of Adams for $112,744.56.

5. May 28, 2004: Reda filed an application for vacation of the default judgement.[1]

6. July 14, 2004: The District Court entered an order denying application for vacation of default because Reda failed to include a brief with its motion violating L.Civ.R. 7.1(c).

---

[1]This motion was treated as a Rule 60(b) motion for relief from a final judgment because the District Court's order was an entry of default judgment, not simply an entry of default. Fed.R.Civ. P. 55(c).

7. August 18, 2004: Reda filed a motion for vacation of default judgment.[2]

8. March 31, 2005: The District Court denied motion for vacation or reconsideration of default judgment because it was not timely under L.Civ.R. 7.1(g), and it did not otherwise meet the standard for the District Court to reconsider its previous order.

9. April 29, 2005: Reda filed a notice of appeal.

Before reaching the merits of this appeal, we are required to consider whether we have appellate jurisdiction. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1236, 89 L.Ed.2d 501 (1986). Ultimately, we must dismiss for lack of jurisdiction because Reda's notice of appeal was untimely filed. Fed. R.App. P. 4(a). The timeliness of an appeal is a mandatory jurisdictional prerequisite. Poole v. Family Court of New Castle County, 368 F.3d 263, 264 (3d Cir. 2004). A court may not waive the jurisdictional requirements of Rule 4, even for "good cause." Benn v. First Judicial District, 426 F.3d 233, 237 (3d Cir. 2005).

At the outset we note that we are not reviewing the District Court's entry of default judgment. An appeal from the denial of a Rule 60(b) motion does not bring the underlying issue up for appeal. Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 161 n.3 (3d Cir. 2004). Fed. R.App. P. 4(a)(1)(A) requires notice of appeal to be filed within thirty days. A Rule 60(b) motion will toll the appeal period until disposition of the motion "if the motion is filed no later than 10 days after the judgment is entered." Fed. R.App. P. 4(a)(1)(A)(vi).

---

[2] The District Court treated this motion as a motion to reconsider its previous order under L.Civ.R. 7.1(g).

3

Neither the application for vacation of default nor the notice of appeal by Reda were timely filed and this prohibits appellate review of the entry of default judgment.

The same jurisdictional defect prevents our consideration of the District Court's July 14, 2004, order which denied Reda's Rule 60(b) motion for failure to adhere to a local rule. The denial of the Rule 60(b) motion is a final order and must be appealed within thirty days. Fed. R.App. P. 4(a)(4)(b)(ii) requires that a party intending to challenge an order disposing of a motion listed in Fed. R.App. P. 4(a)(4)(a) (including a 60(b) motion) must file a timely notice of appeal from the entry of the order disposing of the last such remaining motion. For a notice of appeal of the July 14, 2004, order to have been timely, it must have been filed by August 13, 2004; Reda's next contact, of any kind, with the District Court was a motion for vacation of default judgment, filed on August 18, 2004. Reda's appeal of the July 14 order is untimely because it is outside the thirty day time limit for a notice of appeal. Even assuming the August 18 motion was proper, it was not made within ten days of the entry of the order denying the Rule 60(b) motion to toll the appeal period.

The last item for consideration is the District Court's denial of Reda's August 18, 2004, motion for vacation of default judgment. The District Court treated this motion as a motion for reconsideration and denied it on March 31, 2005, as untimely filed. Reda's April 30, 2004, notice of appeal, filed within 30 days of the order denying reconsideration, is only timely as to that order. Fed. R.App. P. 4(a)(1)(A). Nevertheless, we must decline to exercise jurisdiction. Motions for reconsideration are allowed at the District Court level under the

4

L.Civ.R. 7.1(g), but must be filed and served within ten days after entry of the order concerned. In this case Reda's motion for reconsideration was filed over a month later. An untimely motion for reconsideration is "void and of no effect." Amatangelo v. Borough of Donora, 212 F.3d 776, 780 (3d Cir. 2000).[3] There is no right of appeal from a void motion, and we must decline jurisdiction. See id.

Because Reda's Notice of Appeal was not timely filed, we lack jurisdiction to decide the merits of his appeal. Therefore, for the reasons set out above, this appeal is dismissed.

---

[3]See also Construction Drilling, Inc., v. Chusid, 90 Fed. Appx. 630, 2004 WL 232836, *2 (3d Cir. 2004) (citing Amatangelo) (dismissing appeal of motion for reconsideration, filed under L.Civ.R. 7.1(g) for lack of jurisdiction, in a non-precedential opinion).