**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony Craig WESSON, Defendant–Appellant.**

**No. 88–3060.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 24, 1989.

Decided Nov. 13, 1989.

Gwenn R. Rinkenberger, Asst. U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Hamilton L. Carmouche, Merrillville, Ind., for defendant-appellant.

Before WOOD, Jr., COFFEY and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Cocaine sells for more than $10,000 per pound in kilogram quantities, so dealers protect their inventory. James Baker kept his in a safe deposit box at a bank. Baker relied on others to arrange sales, and Anthony Wesson was one of these go-betweens. During 1987 Wesson sold samples of Baker's cocaine to an undercover agent. In January 1988 the agent agreed to purchase a kilogram for $36,000. Baker had nine on deposit and was happy to oblige. Baker had never met the agent, however, and Wesson made all of the arrangements. The agent and his cash, accompanied by Wesson, arrived at the meeting place. Wesson was to count the money and deliver it to Baker, then give the agent the cocaine. Wesson paged Baker's beeper to relay the news that all was ready; Baker then withdrew some of his inventory but had scarcely left the bank when agents pounced.

■ A jury convicted Wesson of several crimes. The only one that concerns us is the conviction for aiding and abetting Baker's possession of drugs with intent to distribute them, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Wesson contends that middlemen cannot aid and abet "possession with intent to distribute" unless they obtain actual or constructive possession. Although the jury was entitled to find that he had the intent to distribute, Wesson submits that there was no evidence that he had actual or constructive posses-

sion of Baker's well-secured cocaine or helped Baker get and hold that supply.

We may assume that the evidence did not demonstrate that Wesson possessed cocaine with intent to distribute it. He was not charged with that crime. He was convicted of aiding and abetting *Baker's* possession with intent to distribute, and Baker had both possession and intent. To say that Wesson cannot be convicted without proof of possession is to say that one cannot be an aider and abettor unless one commits the principal offense, which would obliterate the crime of aiding and abetting. *Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), shows that a person may be convicted of aiding and abetting even though that person could not have committed the principal offense (in *Standefer* a private person was convicted under 18 U.S.C. § 2(a) of abetting a violation of 26 U.S.C. § 7214(a)(2), which makes it a crime for an officer of the United States to take a bribe in the course of executing the revenue laws). And *United States v. Pino–Perez*, 870 F.2d 1230 (7th Cir.1989) (en banc), holds that the supplier of drugs to a continuing criminal enterprise may be convicted of aiding and abetting its "kingpin" even though the supplier did not supervise any of the henchmen or assist the kingpin in doing so, and supervision is an element of the kingpin's crime.

Aiding and abetting is nothing if not a crime you may commit without performing all of the elements of the substantive offense. Nonetheless, Wesson's position is not without support. *United States v. Jackson*, 526 F.2d 1236 (5th Cir.1976), reversed the conviction of a middleman in a drug transaction, accepting Wesson's argument. Subsequent cases in the Fifth and Eleventh Circuits dance around *Jackson*, e.g., *United States v. Richardson*, 764 F.2d 1514, 1525 (11th Cir.1985); *United States v. Fischel*, 686 F.2d 1082, 1087–88 (5th Cir.1982); *Government of the Canal Zone v. O'Calagan*, 580 F.2d 161, 164 (5th Cir.1978). The District of Columbia Circuit

has been more direct, declining to follow *Jackson*. *United States v. Garrett*, 720 F.2d 705, 713 n. 4 (1983). We join *Garrett* in saying nay to *Jackson*. One who participates in a criminal adventure and seeks by his actions to make it succeed commits the crime of aiding and abetting. *Pino–Perez*, 870 F.2d at 1235. You may "abet" the crime of possession with intent to distribute by procuring the customers and maintaining the market in which the possession is profitable, even though you do nothing else to help the possessor get or retain possession. Middlemen aid and abet the offense of possession with intent to distribute. Better to say this forthrightly and have done with the subject than to invite continuing litigation to trim a decision that should be excised.

AFFIRMED.