**UNITED STATES OF AMERICA, Appellee**

**v.**

**GREGORY FRORUP, Appellant**

No. 91-3706

United States Court of Appeals

for the Third Circuit

May 6, 1992

MELODY M. WALCOTT (Office of Federal Public Defender), Christiansted, St. Croix, V.I., *for appellant*

ALPHONSO G. ANDREWS, JR. (Office of United States Attorney), Christiansted, St. Croix, V.I., *for appellee*

BEFORE: SLOVITER, *Chief Judge,* MANSMANN and WEIS, *Circuit Judges*

## OPINION OF THE COURT

SLOVITER, *Chief Judge*

Gregory Frorup was charged with two counts of possession with intent to distribute cocaine under 21 U.S.C. § 841(a) (1988 F. Supp. 1991), and one count of conspiracy to distribute cocaine under 21 U.S.C. §§ 841(a), 846. The jury found him guilty on one count of the lesser included offense of simple possession. Frorup appeals his conviction, contending that there was insufficient evidence for the jury to convict. Because we find that there was ample evidence to sustain the conviction, we will uphold the jury's verdict.

### I.

### FACTS

On the morning of March 9, 1991, Special Agent Junia Tyson, working undercover for the Virgin Islands Narcotics Strike Force in St. Croix, met with Frorup at the John F. Kennedy Projects in Christiansted. Frorup told Tyson that he knew a person from whom Tyson could purchase drugs and that Frorup could arrange a purchase of crack cocaine. Tyson, who was outfitted with a listening device and $4,500 in government cash, met Frorup at the Kennedy Projects that evening.

Frorup first borrowed Tyson's car in order to pick up drugs for Tyson, but returned a few minutes later stating that he was unable to get drugs from that source that night. Frorup then suggested that he and Tyson travel to Estate St. John to get cocaine. When they arrived at a residence at Estate St. John, they remained in the car and were approached by Clarence Williams. Williams spoke with Frorup for a few moments, announced that he had four and one-half ounces of cocaine to sell, and told Tyson that the cocaine would cost three thousand dollars. While Williams returned to the house, Tyson proceeded to count out three thousand dollars in cash which he gave to Frorup. Williams returned to the car and Frorup handed Williams the money. Williams then handed the drugs to Frorup who handed the drugs to Tyson. A similar transaction occurred on March 30, 1991.

Frorup and Williams were charged in a three-count indictment under 21 U.S.C. §§ 841(a), 846 for conspiracy to distribute a controlled substance during March, 1991 (Count I), and under 21 U.S.C. § 841(a) for possession of a controlled substance with intent to distribute on or about March 9, 1991 (Count II), and possession of a controlled substance with intent to distribute on or about March 30, 1991 (Count III).[1] The jury acquitted Frorup on Counts I and III. As to Count II, the jury acquitted Frorup on the distribution charge but found him guilty of simple possession, the lesser included offense under 21 U.S.C. § 841(a).[2] He was sentenced to 169 months in prison.

## II.

## DISCUSSION

■ In reviewing a jury verdict for insufficiency of the evidence, this court must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Aguilar, 843 F.2d 155, 157 (3d Cir.), cert. denied, 488 U.S. 924 (1988).

Frorup's only contention on appeal is that inherent in the definition of "possession" is an intent to retain the object for some period of time. The evidence was insufficient, he contends, to demonstrate that the act of handing drugs from one person to another constituted "possession" because Frorup did not retain the drugs for a sufficient period of time and because he did not exercise control over the drugs during the few moments that he held them. For the reasons given, infra, we will affirm the conviction without reaching this argument.

■■ The crime of simple possession under 21 U.S.C. § 844 (1988 & Supp. 1991) is a lesser offense included within the offense

---

[1] Counts II & III included the language "while aided and abetted by one another." Even without this language, aiding and abetting is implied in every federal indictment for a substantive offense. United States v. Armstrong, 909 F.2d 1238 (9th Cir.), cert. denied, 111 S.Ct. 191 (1990).

[2] Although Frorup states in his brief that he was convicted under Count III rather than Count II, the judgment sheet makes clear that it was Count II. See App. at 181.

of possession with intent to distribute under 21 U.S.C. § 841(a). United States v. Garcia-Duarte, 718 F.2d 42, 47 (2d Cir. 1983). This court will uphold a jury verdict convicting a defendant of a lesser offense than the one charged if "the evidence would permit a jury rationally to find [the defendant] guilty of the lesser offense and acquit of the greater." Keeble v. United States, 412 U.S. 205, 208 (1973). Cf. Fed. R. Crim. P. 31(c). A jury instruction on the lesser included offense is allowable as long as there is some evidence to support the conviction. United States v. Thornton, 746 F.2d 39, 47 (D.C. Cir. 1984). The trial judge, without objection, instructed the jury that Frorup could be found guilty of the crime charged if he aided or abetted the commission of the crime. 18 U.S.C. § 2 (1983) states:

> Whoever commits an offense against the United States or aids, abets, counsels, commands,. induces or procures its commission, is punishable as a principal.

■ ■ In order to establish the offense of aiding and abetting, the Government must prove two elements: that the substantive crime has been committed and that the defendant knew of the crime and attempted to facilitate it. United States v. Dixon, 658 F.2d 181, 189 n.17 (3d Cir. 1981). Actual or constructive possession need not be shown to justify a conviction for aiding and abetting possession, only "some affirmative participation which at least encourages the principal offender to commit the offense." United States v. Raper, 676 F.2d 841, 850 (D.C.Cir. 1982).

Although this court has not had the opportunity to rule on the question of whether a defendant can be convicted of aiding and abetting possession when he did not actually help his codefendant obtain the drugs but arranged a transaction to distribute the drugs, other circuits have. In United States v. Wesson, 889 F.2d 134, 135 (7th Cir. 1989), the Seventh Circuit found possession under the aiding and abetting statute in a context strikingly similar to the one presented. The defendant, Wesson, arranged a sale of cocaine between a dealer and an undercover agent. The dealer had never met the agent so Wesson arranged the sale and accompanied the agent to the meeting place for the sale. Wesson's role was to count out the money, give it to the dealer, and then give the cocaine to the agent. The participants were arrested, however, before the transaction was complete. The court rejected Wesson's contention that he could not be convicted of aiding and abetting possession with intent to

distribute because it could not be shown that he aided and abetted the possession. Id. at 135. Noting that one does not need proof of possession, active or constructive, to get a conviction on aiding and abetting, the court held that one may "'abet' the crime of possession with intent to distribute by procuring the customers and maintaining the market in which the possession is profitable, even though [one] do[es] nothing else to help the possessor get or retain possession." Id.

Other circuits have reached similar conclusions. See United States v. Poston, 902 F.2d 90, 94 (D.C.Cir. 1990) (upheld conviction of possession for knowingly driving an acquaintance to location where latter would sell drugs); see also United States v. Fischel, 686 F.2d 1082, 1087-89 (5th Cir. 1982) (defendant need only help the possession of the principal to be found guilty of aiding and abetting his possession); United States v. Offutt, 736 F.2d 1199, 1201 (8th Cir. 1984) (middleman's association with criminal venture and participation in it as something he wanted to succeed enough for aiding and abetting possession); United States v. Ginsburg, 758 F.2d 823, 832 (2d Cir. 1985) (same); United States v. Gillock, 886 F.2d 220, 222 (9th Cir. 1989) (same). But see United States v. Jackson, 526 F.2d 1236, 1238 (5th Cir. 1976) (reversing Jackson's conviction under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, for aiding and abetting possession with intent to distribute cocaine because no evidence that defendant, who introduced to each other co-defendants who arranged sale of cocaine to an undercover federal agent, helped his co-defendants obtain the cocaine; hence, he did not participate in the possession element of the crime charged).

■ Although there was no evidence that Frorup actually aided Williams in obtaining the cocaine, the evidence supports the inference that Frorup and Williams had had prior dealings. When Frorup's initial effort to buy drugs was unsuccessful, he turned to Williams as a likely source. His ability to secure as much as four and one-half ounces of cocaine from Williams without advance notice demonstrates Frorup's participation in Williams's scheme of possession and distribution of illegal drugs. In the language of the Seventh Circuit, the jury had evidence to find that Frorup abetted Williams's possession "by procuring the customers and maintaining the market in which the possession is profitable, even though [he did] nothing else to help the possessor get or retain possession." Wesson, 889 F.2d at 135.

Inasmuch as the evidence was sufficient for us to uphold the verdict based on the theory of aiding and abetting, we need not decide whether Frorup ever had actual or constructive possession of the cocaine.

## III.
## CONCLUSION

For the foregoing reasons, we will affirm the judgment of the district court.