

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2005

# USA v. Echevarria

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Echevarria" (2005). *2005 Decisions*. Paper 1416.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1416

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-3783

———————

UNITED STATES OF AMERICA

v.

HERMENGILDO ECHEVARRIA, JR.,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 02-cr-00323)
District Judge: Honorable Bruce W. Kauffman

———————

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2004

Before: NYGAARD, AMBRO, and GARTH, Circuit Judges

(filed: March 30, 2005 )

———————

OPINION

———————

AMBRO, Circuit Judge

     Appellant Hermengildo Echevarria, Jr. appeals his conviction and sentence. For

the reasons that follow, we affirm his conviction. However, in light of United States v.

Booker, 543 U.S. ----, 125 S.Ct. 738 (2005), we vacate his sentence and remand for

resentencing.

The District Court had jurisdiction under 18 U.S.C. § 3231. Our Court has jurisdiction pursuant to 28 U.S.C. § 1291. As we write solely for the parties, we do not restate the facts underlying the appeal.

## I.

Echevarria argues that there was insufficient evidence to support his conviction for (1) possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g), and (2) possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Specifically, he contends that the Government failed to prove beyond a reasonable doubt that he "constructively possessed" the contraband at issue in this case, which was not found on his person but concealed in the house in which he was arrested.

"In reviewing a jury verdict for insufficiency of the evidence, this court must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt." U.S. v. Frorup, 963 F.2d 41, 42 (3d Cir. 1992) (citing Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Aguilar, 843 F.2d 155, 157 (3d Cir. 1988)). Viewing the record from this perspective, we are convinced that substantial evidence existed that Echevarria constructively possessed the contraband.

At trial the Government introduced, *inter alia*, the following evidence: (1) the testimony of an eyewitness who saw Echevarria holding the gun at issue and wearing a

2

leather jacket that was later seized by the police; (2) keys removed from the jacket, one of which was shown to open a safe containing the cocaine base (and other supplies commonly employed by those involved in the production and distribution of drugs) and another of which was shown to open the front door of the house in which the contraband was found and Echevarria was arrested; (3) additional evidence establishing that the jacket was in fact Echevarria's and was worn by him on the night in question; (4) evidence tending to establish that he was aware of the gun's location in the drawer in which it was found; and (5) ammunition found by police in an upstairs bedroom in which three forms of government-issued identification belonging to Echevarria were also found.

On the basis of this evidence, a rational jury could conclude that Echevarria "knowingly ha[d] both the power and the intention at a given time to exercise dominion or control over [the contraband], either directly or through another person or persons." U.S. v. Garth, 188 F.3d 99, 112 (3d Cir. 1999). In this context, his conviction is affirmed.

II.

Only Echevarria's challenge to his sentence under Booker remains. Having determined that the sentencing issues he raises are best determined by the District Court in the first instance, we vacate his sentence and remand for resentencing in accordance with Booker.