

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2008

# USA v. Paulk

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1083

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"USA v. Paulk" (2008). *2008 Decisions.* Paper 266.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/266

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-1083

———

UNITED STATES OF AMERICA

v.

LEONARD PAULK,
A/K/A "Pooh"

Leonard Paulk,
　　　　　　　Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00228-2)
District Judge: Honorable Freda Wolfson

———

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2008

Before: SLOVITER, STAPLETON, and TASHIMA,[*] <u>Circuit Judges</u>

(Filed: November 5, 2008)

———

OPINION

———

———

[*] Honorable A. Wallace Tashima, Senior Judge of the
United States Court of Appeals for the Ninth Circuit, sitting by
designation.

SLOVITER, Circuit Judge.

Leonard Paulk was convicted, following a jury trial, of one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846 (count 1), and one count of distribution of crack cocaine, or cocaine base, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2 (count 3). On appeal, Paulk argues that there was insufficient evidence to support his conviction on count 3. Paulk also argues that the District Court's jury instructions on aiding and abetting were erroneous; that the District Court improperly admitted certain evidence; and that the District Court erred in its conclusion that a life sentence was mandatory under 21 U.S.C. § 841(b). We will affirm.

**I.**

Underlying this appeal is a long history of widespread drug dealing on the streets of Camden, New Jersey. Because we write primarily for the parties, we do not review the facts in detail. In sum, the government charged, and the jury convicted, Paulk of conspiracy to distribute crack cocaine as well as aiding and abetting a specific crack cocaine transaction. After his conviction, the District Court denied Paulk's motion for a judgment of acquittal. The Court found that the record contained "overwhelming evidence," App. at 18, of Paulk's participation in the drug conspiracy charged in the indictment, and we see no reason to disturb that conclusion. The District Court also found that there was sufficient evidence to show that Paulk was a culpable participant in the specific transaction underlying count 3. Paulk was sentenced to two concurrent terms

of life imprisonment and required to pay a $15,000 fine and $200 special assessment.

We turn to Paulk's principal contention on appeal regarding the insufficiency of evidence on count 3. The essence of the government's case on count 3 was that Paulk aided and abetted a transaction in which Jose Perez (a cooperating witness) purchased four and one-half ounces of crack cocaine from Darnell Tuten on March 26, 2002. Paulk had long relationships of drug dealing with both Tuten and Perez, and it was Perez's evidence that formed the basis of the government's case against Paulk on count 3.

Paulk concedes that the jury could have believed that Paulk referred Perez to Tuten as a potential contact for drugs and vouched for Tuten's integrity and reliability to Perez. Appellant's Br. at 26. Perez had a conversation with Paulk which Perez testified meant that Paulk "wants me to hook up with [Tuten], and set it up, and he's telling me the guy is good." Supp. App. at 135. In light of the record, we reject Paulk's contention that the District Court clearly erred in reading that sentence to suggest that Paulk in fact set it up for Perez to deal with Tuten.

It was up to the jury to decide whether Paulk aided and abetted the subsequent transaction on March 26, 2002. The jury's determination could well have been confirmed by the conversation three days later in which Perez informed Paulk that he had purchased drugs from Tuten, after which Paulk assured Perez that Tuten was "good  people" and that Paulk would not recommend anyone to Perez "that's not right." App. at 175.2. Moreover, the jury heard Perez's testimony that Paulk was "trying to hook us up.  I didn't

3

want to mess with [Tuten], but [Paulk's] trying to set us up," App. at 161, and that Paulk was the "one who set the whole thing up." App. at 209. Indeed, Perez testified that Tuten told him that Paulk had "talked to [Tuten] about me, and that we should hook up," App. at 175, and that before this, Tuten "wouldn't even speak to me." App. at 209. Finally, even excluding evidence related to cocaine and heroin transactions implicitly rejected by the jury's special verdict on count 1, the jury heard sufficient evidence to conclude that Tuten and Paulk had an on-going drug dealing relationship such that Paulk could reasonably expect to benefit from facilitating the Perez-Tuten transaction. Cf. United States v. Frorup, 963 F.2d 41, 43-44 (3d Cir. 1992) ("[T]he jury had evidence to find that Frorup abetted Williams's possession by procuring the customers and maintaining the market in which the possession is profitable . . . .") (quotation omitted). In sum, there was sufficient evidence for a rational jury to conclude that Paulk had attempted to facilitate the subsequent Perez-Tuten drug transaction.

Similarly, we also reject Paulk's remaining arguments. As to Paulk's contention that the District Court's jury instructions on aiding and abetting were erroneous, given that Paulk failed to object at trial, we review the instructions only for plain error. Reading them as a whole, we cannot say that the District Court's instructions were plainly erroneous because the District Court correctly recited the black letter elements of aiding and abetting liability and advised the jury that Paulk could not be deemed guilty of aiding and abetting solely by vouching for Tuten to Perez, but rather that the government had to

prove something more, such as an on-going personal or financial relationship between Paulk and Tuten. Next, we cannot agree with Paulk's contention that the District Court erred by admitting evidence that a trained drug-sniffing dog reacted positively to money contained in Paulk's minivan. The District Court found that the government demonstrated that the dog and his handler were well-trained in the field, had successfully completed drug searches in the past, and that the evidence would be helpful to the jury as circumstantial evidence that the money resulted from unlawful activity. Moreover, the District Court did not abuse its discretion in rejecting Paulk's expert testimony of the unreliability of such dog sniffing evidence in light of the manifest shortcomings of that testimony. Finally, we reject Paulk's challenge to his sentence because the District Court properly concluded that it was not free to disregard the statutory minimum sentence imposed by 21 U.S.C. § 841(b). United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004).

## II.

For the above-stated reasons, we will affirm the judgment of conviction and sentence.