OPINION OF THE COURT
FISHER, Circuit Judge.
Kevin Jenkins appeals from his judgment of conviction and sentence. Because we agree with Jenkins that the District Court committed reversible error during the second retrial when it instructed the jury on Count Three of the superceding indictment, which charged him with violating 18 U.S.C. § 924(c)(1), we will vacate his conviction on that count and remand to the District Court for further proceedings. *794 We will affirm the judgment in all other respects.
I.
We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.
In August 2003, New Jersey law enforcement authorities arrested Jenkins based on his alleged involvement in a home invasion and vehicle theft incident which had occurred several months earlier and, in January 2004, Jenkins pleaded guilty to robbery in state court. However, after he had entered his plea, federal authorities informed the state officials that, based on a federal investigation, Jenkins and his co-defendants had intended not only to steal a vehicle but also to rob a bank and, as a result of this new information, the state officials concluded that Jenkins had not been truthful and withdrew his plea. In September of that year, a grand jury in the Eastern District of Pennsylvania returned a superceding indictment charging Jenkins with one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count One); one count of using and possessing a firearm in furtherance of the conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 924(c)(1) (Count Three); one count of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (Count Four); one count of carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Count Five); and one count of using and possessing a firearm in furtherance of the conspiracy to commit carjacking, in violation of 18 U.S.C. § 924(c)(1) (Count Seven).[1]
In May 2006, a jury acquitted Jenkins of Count Five, but found him guilty of all other counts. Following the trial, Jenkins filed motions for judgment of acquittal and for a new trial, and the District Court granted him a new trial with respect to Counts One and Three. The retrial on Counts One and Three resulted in a hung jury and the District Court declared a mistrial. Jenkins was tried again on those two counts and this time the jury returned a guilty verdict on both counts. The District Court entered judgment against Jenkins on Counts One, Three, Four, and Seven, sentencing him to 480 months of imprisonment.
Jenkins timely appealed from the judgment. The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.
II.
A.
We begin with Jenkins’s argument that the District Court committed reversible error when it instructed the jury during his second retrial on the firearm offense charged in Count Three under 18 U.S.C. § 924(c)(1). Section 924(c)(1)(A) states that “any person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be subjected to additional punishment].” Jenkins contends that the District Court constructively amended his indictment by instructing the jury on the “during and in relation to” language of § 924(c)(1)(A), instead of on the “in furtherance of’ language of that provision as charged in his indictment. He acknowledges that because he failed to object to the District Court’s instructions, we review for plain *795 error. United States v. Syme, 276 F.3d 131, 148 (3d Cir.2002). Accordingly, we may reverse if the District Court committed a clear or obvious error which affected Jenkins’s substantial rights and which seriously affected the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 734-37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
The Government concedes that the District Court committed an error when it instructed the jury on Count Three. “A constructive amendment occurs where a defendant is deprived of his substantial right to be tried only on charges presented in an indictment returned by a grand jury.” Syme, 276 F.3d at 148 (internal quotation marks omitted); see also United States v. McKee, 506 F.3d 225, 229 (3d Cir.2007) (stating that an indictment may be deemed constructively amended when a jury instruction “broaden[s] the possible bases for conviction from that which appeared in the indictment” (internal quotation marks omitted)). Here, while Count Three of the superceding indictment charged Jenkins with the “in furtherance of’ language of § 924(c)(1)(A), the District Court instructed the jury on the “during and in relation to” language of the statute, which was error. See United States v. Dentler, 492 F.3d 306, 312 (5th Cir.2007) (stating that there is a constructive amendment “when the jury is permitted to convict the defendant based on an alternative basis permitted by the statute but not charged in the indictment” (internal quotation marks omitted)). Moreover, this error was clear and obvious under current law. See Syme, 276 F.3d at 151 (“Cases from the Supreme Court and this court hold that it violates the Grand Jury Clause of the Fifth Amendment when a court instructs a jury on a ground for conviction that is not fully contained in the indictment.”).
Even if an error is clear or obvious, the plain error framework requires a showing that the error affected the defendant’s substantial rights or, in other words, that the error “was prejudicial in that it affected the outcome of the District Court proceedings.” United States v. Ozcelik, 527 F.3d 88, 96 (3d Cir.2008) (internal quotation marks omitted). Although the defendant generally carries the burden of demonstrating prejudice, where a district court constructively amends the defendant’s indictment through its instructions to the jury, such error is “presumptively prejudicial” and, as a result, our inquiry must focus on “whether the government has effectively rebutted the presumption.” Syme, 276 F.3d at 155.
The Government, acknowledging its burden here, argues that the error in this case did not prejudice Jenkins because, despite the fact that the jury was instructed on “during and in relation to,” the evidence at trial nevertheless established what the indictment alleged — that is, that he used and possessed a firearm “in furtherance of’ the conspiracy to commit armed bank robbery — and thus the error did not affect the outcome of the proceedings. We are not persuaded. Given the discrete conduct described in § 924(c)(1)(A), “Congress may well have intended ‘in furtherance’ to impose a more stringent standard than ‘in relation to.’ ” United States v. Loney, 219 F.3d 281, 287 (3d Cir.2000); see also United States v. Combs, 369 F.3d 925, 933 (6th Cir.2004) (stating that “ ‘in furtherance of differs from ‘during and in relation to’ and requires the government to prove a defendant used the firearm with greater participation”). While there certainly may be instances where the evidence in a case is so overwhelming that we can confidently say that a district court’s instruction to the jury on “during and in relation to” did not prejudice a defendant charged under the “in furtherance of’ aspect of the statute, based on the record before us, we are *796 unable to reach such a conclusion in this case. See, e.g., United States v. Brown, 560 F.3d 754, 768 (8th Cir.2009) (“By allowing the jury to convict based on possession of a firearm merely ‘in relation to’ the drug conspiracy, instead of in furtherance of that conspiracy, the instructions likely affected the verdict .... ”); cf. McKee, 506 F.3d at 231-32 (“If we presume, as we must, that the jury followed the court’s instructions, we must conclude that there is a real possibility that the jury relied upon the uncharged examples of conduct to convict the Defendants, just as the court instructed.”); United States v. Dobson, 419 F.3d 231, 240 (3d Cir.2005) (acknowledging that the government had presented evidence which the jury could have determined satisfied the knowledge element of the offense charged in the indictment, but that this alone “does not preclude a finding of prejudice for purposes of plain error”).
Therefore, having concluded that there was clear and obvious error which, under the circumstances of this case, affected Jenkins’s substantial rights, we will exercise our discretion and vacate Jenkins’s conviction on Count Three. See McKee, 506 F.3d at 232 (concluding that the constructive amendment prejudiced the defendants and that “[l]eaving this error uncorrected would seriously affect the fairness and integrity of the proceeding”); Syme, 276 F.3d at 155-56 (same); see also United States v. Hunter, 558 F.3d 495, 502-03 (6th Cir.2009) (concluding that “the district court erroneously informed the jury that [the defendant] was charged with possession of a firearm ‘during and in relation to’ a drug trafficking crime, and mixed in this lower standard of participation in its instructions,” which, under plain error review, warranted reversal).
B.
Jenkins raises a variety of other arguments on appeal, which we conclude are all meritless.
Initially, Jenkins attacks the sufficiency of the evidence as to his convictions for conspiring to commit carjacking and conspiring to commit armed bank robbery. In reviewing his challenges, we “must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt.” United States v. Frorup, 963 F.2d 41, 42 (3d Cir.1992). Having examined the evidence pertaining to each count under this “highly deferential” standard, United States v. Hodge, 321 F.3d 429, 439 (3d Cir.2003) (internal quotation marks omitted), we conclude that, contrary to Jenkins’s contention, a rational juror could find that Jenkins had the requisite intent for conspiracy to commit carjacking. We further conclude that a jury could find that he entered into an agreement to rob a bank with the requisite intent and took overt acts in furtherance of that agreement as required for conspiracy to commit armed bank robbery. See United States v. Brodie, 403 F.3d 123, 134 (3d Cir.2005) (“The elements of conspiracy ... can be proven entirely by circumstantial evidence.”); United States v. Lopez, 271 F.3d 472, 486-87 (3d Cir.2001) (concluding that the evidence was sufficient to establish the intent element of carjacking where the defendants assaulted the victim in her residence and the vehicle was outside); United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir.1996) (“It is not for us to weigh the evidence or to determine the credibility of the witnesses.” (internal quotation marks omitted)).
Next, Jenkins asserts that the District Court plainly erred in answering several questions that the jury had with respect to the elements of conspiracy to commit car *797 jacking.[2] According to Jenkins, the District Court incorrectly advised the jury that it was not required to consider the elements of carjacking when determining whether there was a conspiracy to commit that offense. We disagree. In addition to fully setting forth the elements of conspiracy and the substantive offense of carjacking in its charge to the jury, the District Court responded to the jury’s questions by accurately stating that carjacking and conspiracy to commit carjacking are “separate crime[s],” (App. 402), and that a defendant does not “have to accomplish the elements of the substantive crime ... to be guilty of conspiracy to commit that crime if that is what [he] intended to do,” (App. 410). See, e.g., United States v. Jimenez Recio, 537 U.S. 270, 274, 123 S.Ct. 819, 154 L.Ed.2d 744 (2003) (indicating that a jury may convict on a conspiracy charge “whether or not the substantive crime ensues” (internal quotation marks omitted)); Salinas v. United States, 522 U.S. 52, 63, 65, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997) (stating that a “conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor” and that a “conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense”); Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) (“[T]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses.”). The District Court also invited the jury to send another note if it had additional questions on this issue, which the jury did not do. Thus, we discern no error, let alone plain error, in the District Court’s answers.
Jenkins also argues that the District Court committed reversible error by permitting the admission of evidence relating to his state court guilty plea, which had subsequently been withdrawn by the state prosecution, asserting that Federal Rule of Evidence 410 disallows the admission of such evidence.[3] Jenkins did not move to exclude this evidence in his pretrial motion in limine or at trial and, as a result, we review for plain error.[4] Evidence of a guilty plea which is later withdrawn is typically inadmissible. Fed.R.Evid. 410(1). That said, it is not clear whether the Rule applies in circumstances such as those presented here, where the defendant fails to fulfill his end of the plea bargain and the state withdraws it in response. See 2 Weinstein’s Federal Evidence § 410.09[7] *798 (2d ed. 1997) (collecting case law); see also United States v. Rivas, 493 F.3d 131, 136 (3d Cir.2007) (stating that to constitute plain error, the error must be “clear or obvious under current law”). In addition, not only were Jenkins’s admissions with respect to the guilty plea consistent with other independently admissible evidence, but Jenkins relied on this evidence as part of his defense at trial, which undermines his attempt to show any prejudice resulting from its admission. See, e.g., United States v. Colletti, 984 F.2d 1339, 1344 (3d Cir.1992) (noting that the alleged error “could readily have been corrected” and that “[tjhere is room for an inference that, in the context of the trial, the incident was not neaiiy as significant as the present argument would suggest”); United States v. Valencia-Lucena, 925 F.2d 506, 514 (1st Cir.1991) (stating that the plain error doctrine “should not be used to provide a second bite at the apple for a defendant whose deliberate trial strategy has failed”). Under these circumstances, the District Court did not commit reversible error in permitting the admission of this evidence.
Jenkins further contends that the District Court erred when it denied in part his motion in limine, allowing the Government to introduce evidence of the home invasion and vehicle theft incident at his second retrial. More specifically, he contends that because the second retrial involved only the charges of conspiracy to commit armed bank robbery and the related firearm offense, the District Court should have excluded this evidence under Federal Rules of Evidence 404 and 403. “We review the District Court’s decision to exclude or admit evidence for an abuse of discretion, but we have plenary review of the District Court’s interpretation of the Federal Rules of Evidence.” United States v. Gilmore, 553 F.3d 266, 271 (3d Cir.2009).
To the extent that Rule 404 applies here, Jenkins’s argument fails. Cf. United States v. Cross, 308 F.3d 308, 320 (3d Cir.2002) (discussing intrinsic evidence and Rule 404(b)). While “[ejvidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith,” such evidence may “be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence 'of mistake or accident.” Fed.R.Evid. 404(b). As we have explained, to be admissible “(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted.” United States v. Sampson, 980 F.2d 883, 886 (3d Cir.1992) (citing Huddleston v. United States, 485 U.S. 681, 691-92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)). Each of these factors is met in this case. We agree with the District Court that the evidence had a proper purpose and was relevant. See United States v. Vega, 285 F.3d 256, 261 & n. 1 (3d Cir.2002) (stating that “prior bad act evidence may be admitted for the purpose of demonstrating [a defendant’s] knowledge of a conspiracy and relationship with one of its members,” as well as “for the purpose of demonstrating that [a defendant] had the opportunity and/or intent to participate in [that] conspiracy”); see also United States v. Balter, 91 F.3d 427, 437 (3d Cir.1996) (“Trial court rulings under Rule 404(b) ... may be reversed only when they are clearly contrary to reason and not justified by the evidence.” (internal quotation marks omitted)). We also agree with the District Court that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence under Rule 403. *799 See, e.g., Sampson, 980 F.2d at 889 (stating that the Rule 403 “determination lies within the broad discretion of the trial court”); see also United States v. Kemp, 500 F.3d 257, 297 (3d Cir.2007) (explaining that where the contested evidence is highly probative, a defendant “faces a high hurdle in showing that the danger of unfair prejudice substantially outweighed the probative value”); Cross, 308 F.3d at 324 (“Rule 404(b) evidence is especially probative when the charged offense involves a conspiracy.”). And Jenkins does not identify, nor do we discern, any specific deficiencies in the District Court’s limiting instruction with respect to this evidence.
Finally, Jenkins contends that his convictions for Counts One and Four, the two conspiracy charges, violate the Double Jeopardy Clause because the evidence showed only one agreement. We review for plain error, as Jenkins failed to raise this argument at any point in the District Court proceedings. See United States v. Miller, 527 F.3d 54, 60 (3d Cir.2008). While we acknowledge a certain amount of overlap in the evidence, we nevertheless agree with the Government that Jenkins has failed to carry his burden of demonstrating plain error; for instance, the object of each conspiracy was separate and distinct, the defendants’ plan to rob the bank was not dependent on obtaining a vehicle through a carjacking, and the defendants made a calculated decision to carjack a vehicle only after seeking various other means of obtaining a vehicle, all of which undermine Jenkins’s claim that there was only one agreement. See United States v. Becker, 892 F.2d 265, 268-69 (3d Cir.1989) (indicating that “[jjust because the time periods of the two conspiracies overlapped does not indicate that only one conspiracy existed,” nor is “some overlap between the personnel in the two conspiracies ... indicative of only one conspiracy,” and explaining that evidence of different objectives weighs in favor of finding two agreements existed); see also United States v. Smith, 82 F.3d 1261, 1267, 1269-70 (3d Cir.1996) (noting the importance of evaluating whether there are different objectives and whether the activities are “interdependent or mutually supportive”); cf. United States v. Smith, 424 F.3d 992, 1002-03 (9th Cir.2005) (stating that even if there was a double jeopardy violation, it was not so clear or obvious such that the district court should have recognized it without objection). Given the totality of the circumstances, we reject Jenkins’s argument.
III.
For the foregoing reasons, we will vacate Jenkins’s conviction on Count Three and remand to the District Court for further proceedings, but will affirm the judgment in all other respects.

. Jenkins's co-defendants, Eric Humbert and Rasheen Jones, were also charged in the superceding indictment. Jones pleaded guilty and Humbert was tried separately from Jenkins.

. Jenkins concedes that we review this issue for plain error due to his failure to object in the District Court. See United States v. Antico, 275 F.3d 245, 265 (3d Cir.2001).

. Jenkins also makes passing reference to the Government inadvertently playing a brief portion of a videotape which featured him in a prison jumpsuit, contending that this compounded the District Court’s alleged error of admitting the guilty plea evidence. But the District Court determined that this image was momentary and that the jury was not focusing on it, and given Jenkins's failure to expound upon this argument, we will not disturb the District Court’s conclusion. Cf., e.g., Anderson v. Sec'y for the Dep't of Corr., 462 F.3d 1319, 1329 (11th Cir.2006).

.While Jenkins's brief is rather unclear as to his position regarding our standard of review, at oral argument, Jenkins's counsel appeared to concede that this issue was not properly preserved. In any event, to the extent that Jenkins still claims that he preserved this argument in his motion in limine, a review of that motion shows that Jenkins made a sweeping argument seeking to exclude all references to the home invasion incident, but made no argument with respect to Rule 410. See, e.g., United States v. Smith, 452 F.3d 323, 330-31 (4th Cir.2006) (stating that the defendant's motion in limine, which made general requests to the trial court, lacked "the required specificity” to preserve the argument on appeal and thus plain-error review was appropriate).