**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2365
_____

UNITED STATES OF AMERICA

v.

ERIC WELTON,

Appellant

_____

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 07-cr-00244-2)
District Judge: Honorable Paul S. Diamond

Submitted Under Third Circuit LAR 34.1(a)
June 4, 2010
_____

Before: AMBRO, CHAGARES, and VAN ANTWERPEN, Circuit Judges.

(Filed:  July 20, 2010)

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Eric Welton was convicted by a jury of: (1) one count of conspiracy to commit

Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); (2) one count of Hobbs Act robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2; and (3) one count of using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and (2). On appeal, he challenges the sufficiency of the evidence supporting his convictions. We will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. On August 30, 2006, Zachery Alston drew a gun in a Philadelphia tavern and demanded money from the tavern's employees. Midway through this armed robbery, after Alston was unable to open the tavern's safe, he placed a telephone call to Welton. At Alston's request, Welton came to the tavern. After arriving at the tavern, Welton proceeded to assist Alston with the robbery. While Alston attempted to open the safe, Welton held the gun and watched over the tavern's employees. Alston then retrieved the gun from Welton and stole a wallet from one of the employees.

Shortly after Welton arrived at the tavern, Philadelphia police officers arrived at the scene. When the police officers entered the tavern, Welton attempted to flee. Both Alston and Welton were ultimately apprehended. The police officers recovered $451 in cash, several rings, and a wallet bearing the identification of one of the tavern employees from Alston and $53 from Welton. In addition, the officers recovered a loaded Smith & Wesson nine millimeter semiautomatic handgun with nine live rounds from the crime

2

scene. Welton made a statement to police claiming that he was merely a victim in the crime.

Alston pled guilty and, pursuant to a cooperation agreement, testified against Welton at trial. In addition to Alston's testimony, the Government presented evidence from the employees who had been present during the robbery, the police officers who responded to the call and took Welton's statement, and several other witnesses. The jury convicted Welton of all three counts, and the District Court sentenced him to a total term of imprisonment of 130 months. Welton timely appealed.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over challenges to the sufficiency of the evidence. United States v. Bornman, 559 F.3d 150, 152 (3d Cir. 2009). "'The burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high.'" United States v. Iglesias, 535 F.3d 150, 155 (3d Cir. 2008) (quoting United States v. Lore, 430 F.3d 190, 203-04 (3d Cir. 2005)). The Court "'must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt.'" Id. (quoting Lore, 430 F.3d at 204). The Government may meet its evidentiary burden "entirely through circumstantial evidence," United States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006), and a reviewing court "must credit 'all available inferences

in favor of the government.'" United States v. Sparrow, 371 F.3d 851, 852 (3d Cir. 2004) (quoting United States v. Gambone, 314 F.3d 163, 170 (3d Cir. 2003)). "[T]he evidence need not unequivocally point to the defendant's guilt as long as it permits a finding of guilt beyond a reasonable doubt." United States v. Davis, 183 F.3d 231, 238 (3d Cir. 1999).

Relevant to the first two counts, the Hobbs Act provides that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined . . . or imprisoned . . . or both.

18 U.S.C. § 1951(a). For the conspiracy count, "the government must establish a unity of purpose between the alleged conspirators, an intent to achieve a common goal, and an agreement to work together toward that goal." United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999).

Relevant to the second and third counts, the aiding and abetting statute provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). To establish an aiding and abetting offense, the Government must prove "that the substantive crime has been committed and that the defendant knew of the crime and attempted to facilitate it." United States v. Frorup, 963 F.2d 41, 43 (3d Cir. 1992).

For the third count, section 924(c) provides that "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of

4

the United States, uses or carries a firearm, . . . shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment . . . ." 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as a felony that "has an element the use, attempted use, or threatened use of physical force against the person or property of another," or that "by its nature . . . involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). It is well settled that a conspiracy to commit robbery is a crime of violence. See, e.g., United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993); United States v. Johnson, 962 F.2d 1308, 1311-12 (8th Cir. 1992); United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991).

### III.

Viewing the evidence in the light most favorable to the Government, a rational jury easily could have found Welton guilty beyond a reasonable doubt as to all three counts. Alston's testimony shows that Welton knowingly joined a conspiracy to rob the tavern at gunpoint, assisted Alston with the robbery by holding the gun and watching over the employees, and carried a gun while he and his co-conspirator perpetrated an armed robbery. Specifically, Alston testified that he used the gun to instill "fear" in the Tavern employees and to "intimidate them or scare them" into giving him what he was demanding. Supplemental Appendix ("S.A.") 200. When he could not open the safe, he called Welton and told him to come to the tavern. S.A. 204. Once he arrived, Alston told

5

him to hold the gun, and Welton watched the tavern employees with the gun in his possession while Alston tried to gain access to the safe. S.A. 204-05. Alston then retrieved the gun from Welton and proceeded to take a wallet from one of the tavern employees. S.A. 206. The Government also introduced evidence establishing the interstate commerce element required under the Hobbs Act.

Welton argues that Alston's testimony was "tainted" because he was a cooperating witness, and that his testimony "should not have been given any weight by the jury." Welton Br. 16-17. On a sufficiency challenge, however, we evaluate this testimony in the light most favorable to the Government. Even "uncorroborated accomplice testimony may constitutionally provide the exclusive basis for a criminal conviction." United States v. Perez, 280 F.3d 318, 344 (3d Cir. 2002) (quotation marks omitted). In this case, the evidence produced at trial was more than sufficient to convict Welton of all three counts against him.[1]

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[1]Welton also submitted a supplemental pro se brief, reiterating the arguments raised by counsel and raising several other issues. Pursuant to Local Appellate Rule 31.3, parties represented by counsel may not submit pro se briefs except in situations covered by Anders v. California, 386 U.S. 738 (1967). United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993). Because Welton was represented by counsel, we need not address these additional arguments. Nonetheless, we have thoroughly considered Welton's arguments, and find them to lack merit.