UNITED STATES of America,

v.

John D. HALL, a/k/a Jonathan D. Hall,

John D. Hall, Appellant.

United States of America,

v.

Saeed Massaquoi, Appellant.

No. 00–2765, 00–2775, 00–2824.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 16, 2002.

Filed July 25, 2002.

Before SCIRICA, ALITO, and FUENTES, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is a consolidated appeal from convictions after jury trials. Because we write for the parties only, the background of the case is not set out.

■ We reject the argument that the District Court erred when it denied Massaquoi's motion to suppress physical evidence seized after an allegedly improper search by a state parole officer of his house and car. In *United States v. Knights*, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), the Supreme Court held that a warrantless search is justified upon a showing of reasonable suspicion of criminal activity in the case of a probationer who is subject to a condition of probation permitting a search of his possessions at any time by a law enforcement officer. Because his probation officers searched the house and car based on a reasonable suspicion of criminal activity, we cannot find that the District Court erred in allowing the evidence obtained therefrom. Moreover, the FBI sought and obtained a search warrant for Massaquoi's house based on the parole officers' observations. Relying in good faith upon the warrant, the FBI found various items pertinent to the case. It is well settled that when the police rely in good faith on a facially valid warrant, the defendant is not entitled to suppression by application of the exclusionary rule. *See United States v. Leon,*

468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *United States v. Williams*, 3 F.3d 69, 73–74 (3d Cir.1993). Finally, Massaquoi argues that the District Court improperly reversed its initial order, summarily granting his motion to suppress, which order was issued after the government failed to respond to the motion in a timely manner. The District Court is vested with wide discretion to reconsider orders, especially where the initial order summarily grants relief without a hearing on the merits. We find that the District Court did not abuse its discretion in reconsidering its initial order in this case.

■ We reject the argument that the District Court improperly admitted the firearm found in Hall's waistband. Hall argues that the firearm was the result of an illegal search and seizure and that the firearm constituted improper evidence of other crimes. The purpose of a *Terry* search "is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the safety of the police officer." *Terry v. Ohio*, 392 U.S. 1, 29, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We cannot find that the District Court erred in concluding that the pat down in this case went further than what was permissible. On Hall's second argument, we find that the trial court did not err when it admitted the firearm as direct intrinsic evidence.

■ We reject the argument that the District Court improperly admitted Deborah Kerr's in-court identification of Massaquoi, which was based on her independent view of him at the time of the robbery. The reliability of eyewitness identification testimony is a jury issue. *See Foster v. California*, 394 U.S. 440, 442 n. 2, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). An in-court identification should be suppressed only if:

(1) it is the result of an unnecessarily suggestive out-of-court identification procedure which, by its nature, engenders a "very substantial likelihood of irreparable misidentification" and (2) the identification is unreliable. *Manson v. Brathwaite*, 432 U.S. 98, 113–14, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). On the reliability prong, the factors are: (1) the prior opportunity to observe the defendant at the time of the crime; (2) any discrepancies between pre-identification descriptions and the defendant's actual description; (3) any prior identification or failure to identify on the part of the victim; and (4) the lapse of time between the alleged act and the identification in question. *See United States v. Wade*, 388 U.S. 218, 241, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Based on these factors, we cannot find that the trial court improperly admitted Ms. Kerr's in-court identification.

■ We reject the argument that the statement Massaquoi made to his girlfriend, Rena Grant, that he did a robbery with "my man," was improperly admitted. The statement could have been admitted either as an admission against Massaquoi—under Federal Rule of Evidence 801(d)(2)(A)—or as an out-of-court statement admissible as nonhearsay when made by a co-conspirator in the course of and in furtherance of a conspiracy, under Federal Rule of Evidence 801(d)(2)(E). We find it persuasive that the statements were made with the intent to secure—and did in fact secure—the cooperation of Massaquoi's girlfriend in hiding some of the proceeds of the robberies as well as the firearm. We do not find that the statements were improperly admitted.

■ We also reject the argument that the District Court improperly admitted evidence of Hall's unexplained wealth. We have clearly stated that " 'the sudden

unexplained acquisition of wealth by an impecunious person at or about the time of a theft which he had an opportunity to commit, is competent evidence of guilt and will support ... conviction.'" *United States v. Chaney,* 446 F.2d 571, 575 (3d Cir.1971) (quoting *United States v. Howell,* 240 F.2d 149, 158 (3d Cir.1956)), *cert. denied,* 404 U.S. 993, 92 S.Ct. 543, 30 L.Ed.2d 546 (1971). Thus, we do not disturb the District Court's admission of this evidence.

■ Hall argues that the District Court improperly rejected his *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenge during jury selection. We reject this argument. In *Batson,* the Supreme Court reaffirmed the principle that "the State denies a black defendant equal protection of the laws when it puts him on trial before a jury from which members of his race have been purposefully excluded." *Id.* at 85. Because the prosecutor offered valid, race-neutral reasons for excusing three jurors from the panel, and the defendants did not thereafter challenge the profered reasons, we affirm the District Court's denial of Hall's *Batson* challenge.

Next, Hall claims that there was insufficient evidence to support his conviction as to all counts of the conspiracy indictment. We disagree. When considering a claim that the evidence was insufficient to support a conviction, we consider "the evidence in the light most favorable to the government and [will] affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Frorup,* 963 F.2d 41, 42 (3d Cir. 1992). The defendant does not meet this very heavy burden here.

We similarly reject the argument that the evidence was insufficient to support Hall's convictions for carjacking. The car-jacking statute, 18 U.S.C. § 2119, requires proof of five elements: (1) taking a motor vehicle (2) that had been transported, shipped, or received in interstate or foreign commerce (3) from the person or presence of another (4) by force or intimidation (5) with the intent to cause death or serious harm. *United States v. Lopez,* 271 F.3d 472, 486 (3d Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1211, 152 L.Ed.2d 148 (2002). Based on these factors, we conclude that this claim lacks merit.

■ We reject the argument that the District Court erred in its jury instructions in the robbery trial by not adequately informing the jury of the elements of the crime charged in the indictment. Both defendants employed the defense that, although crimes were committed, they were not the perpetrators. The District Court decided to employ a procedure whereby, instead of including jury instructions as to every element of all six crimes charged in the eleven counts of the indictment, the jury would be instructed on all other legal principles and deliberate to reach a unanimous verdict, beyond a reasonable doubt, as to whether the defendants were the people who committed the crimes. Once the jury decided that they were, the District Court then advised the jury of all the elements of all the crimes, reminded it of the appropriate legal principles of burden of proof and reasonable doubt, and had it deliberate as to each defendant's guilt or innocence as to each individual count. The District Court offered each defendant's counsel an opportunity to argue further as to the elements of the crimes, but all counsel declined. We do not believe that the District Court's procedure, although unorthodox, prejudiced the defendants, and therefore we find no plain error.

■ Hall argues that the evidence was insufficient to support his conviction for possession of a firearm by a convicted felon in and affecting commerce. Hall argues solely that the government's evidence that his firearm was manufactured in Arizona was insufficient to meet the "in and affecting commerce" requirement. We disagree. Proof that a possessed firearm once traveled in interstate commerce is sufficient to satisfy the statute's "in or affecting commerce" requirement. *See Scarborough v. United States*, 431 U.S. 563, 577, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977). We therefore cannot agree with Hall that the government's evidence was insufficient in this regard.

■ We reject the argument that the District Court erred in its jury instructions in Hall's firearms possession trial by not adequately informing the jury of the elements of the crime. Hall argues that the District Court failed to properly define the term "knowingly," that the District Court did not properly instruct the jury as to witness credibility, and that the District Court's instructions included comments regarding police conduct that unfairly prejudiced the jury toward a conviction. The only contested issue at trial was whether Hall possessed the firearm. We find that the District Court properly advised the jury as to the charge, the elements of the crime, the burden of proof, reasonable doubt and other standard legal principles. We believe that the District Court's omission of a definition of the word "knowingly," if an error at all in this case, was harmless. The issue was whether Hall had a firearm in his waistband not whether he knew that he had a firearm there. Therefore, we do not believe that the District Court erred in its instructions with regard to Hall's firearms possession.

■ We reject the argument that the forfeiture count should have been determined by the jury instead of the judge. The defendants specifically agreed to submit the question of forfeiture to the court's determination, rather than to the jury. The District Court issued an order forfeiting the defendants' rights in the cars and cash listed in the forfeiture notice. Hall now contends that the forfeiture issue should have been decided by a jury under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We do not believe that *Apprendi* applies to the resolution of a forfeiture claim. Moreover, the Supreme Court has held that forfeiture is part of sentencing and not a separate criminal offense, and the Constitution does not mandate a jury trial at all regarding forfeiture. *See Libretti v. United States*, 516 U.S. 29, 49, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995). We conclude that the District Court did not commit plain error in this regard.

■ The final issue that we must address is the imposition of special assessments for Counts 3 and 8 of the armed robbery trial. Counts 3 and 8 charged the defendants with using firearms during and in relation to a violent crime. Because the defendants were also convicted of the greater offenses of brandishing firearms during and in relation to those same crimes in Counts 4 and 9, respectively, the convictions for Counts 3 and 8 are duplicative and cannot stand. We conclude that the special assessments for Counts 3 and 8, as to both defendants should be vacated, and the convictions for Counts 3 and 8 should be dismissed. We, therefore, remand to the District Court to issue an order in accordance with this opinion.

We have considered all of the defendants' arguments and see no basis for reversal. The judgment of the District Court is therefore affirmed, but we remand to the District Court (1) to vacate the special assessments for Counts 3 and 8

as to both defendants and (2) to dismiss both defendants' convictions for Counts 3 and 8.