**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4416
_____

UNITED STATES OF AMERICA

v.

SA'EEDU MASSAQUOI,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-99-cr-00644-002)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2015
Before:  JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed: December 7, 2015)
_____

OPINION[*]
_____

PER CURIAM

　　Sa'eedu Massaquoi, a federal prisoner proceeding pro se, appeals an order of the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

United States District Court for the Eastern District of Pennsylvania denying his motion to amend his criminal judgment pursuant to Federal Rule of Criminal Procedure 36. For the reasons that follow, we will affirm.

On May 11, 2000, Massaquoi was convicted after a jury trial in federal court of armed bank robbery, carjacking, and related offenses. In the superseding indictment, the Government included a notice of forfeiture asserting that Massaquoi and his co-defendant shall forfeit to the United States certain property obtained as a result of their crimes. After Massaquoi was convicted, the Government moved for a forfeiture verdict and a preliminary order of forfeiture.

On September 21, 2000, the District Court sentenced Massaquoi to a total of 646 months in prison and issued a forfeiture verdict and preliminary order of forfeiture. The forfeiture order required the Government to give notice to third parties known to have an interest in the forfeited properties and to publish notice of the order as set forth by statute. After notice was published and no third party asserted an interest in the property, on February 15, 2001, the Government moved for the entry of a judgment and final order of forfeiture. On February 21, 2001, the District Court entered a judgment and final order of forfeiture vesting all rights in the property in the United States.

On direct appeal, we affirmed the judgment, but remanded for the dismissal of two convictions that were duplicative of other greater offenses. United States v. Hall, 44 F. App'x 532, 536-37 (3d Cir. 2002) (per curiam) (non-precedential). On remand, these counts of the indictment were dismissed and the sentences vacated. In 2003, Massaquoi

2

filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied relief and we denied Massaquoi's request for a certificate of appealability. Massaquoi has since filed numerous motions for relief from the judgment, all without success.

In 2014, Massaquoi filed a motion pursuant to Federal Rule of Criminal Procedure 36 to amend his criminal judgment to include the final forfeiture order. Massaquoi stated that the forfeited property is not listed in the judgment. The District Court denied the motion as moot and noted that an order directing forfeiture of Massaquoi's property was issued on February 21, 2001. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We have not decided the standard of review applicable to the denial of a Rule 36 motion. Other courts of appeals have applied different standards. See, e.g., United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir. 1985) (per curiam) (applying a clear error standard); United States v. Niemiec, 689 F.2d 688, 692 (7th Cir. 1982) (applying an abuse of discretion standard). We will not resolve this question here because we would affirm under either standard.

Massaquoi relies on United States v. Bennett, 423 F.3d 271, 275-76 (3d Cir. 2005), in his motion to amend his criminal judgment. In Bennett, a preliminary order of forfeiture was entered following a criminal conviction. The defendant was sentenced and thereafter the district court granted the government's motion for a final forfeiture order. Several years later, the defendant filed a motion for a return of property. The government

3

then moved to amend the judgment of sentence, which did not include a forfeiture provision, to include the forfeiture order.

We affirmed the district court's grant of the government's motion and the amendment of the criminal judgment under Rule 36, which allows a court to correct a clerical error in a judgment at any time. <u>Bennett</u>, 423 F.3d at 282. We explained that, except in cases involving ancillary proceedings adjudicating the rights of third parties, a final order of forfeiture must be made part of the sentence and included in the judgment. <u>Id.</u> at 275-76. We concluded that the omission of the forfeiture in the final sentence was tantamount to a clerical error where the defendant had stipulated to the forfeiture and the court's intent was embodied in an uncontested preliminary order of forfeiture. <u>Id.</u> at 282. In 2009, Federal Rule of Criminal Procedure 32.2 was amended to provide that a failure to include a forfeiture order in a judgment may be corrected at any time under Rule 36. Fed. R. Crim. P. 32.2(b)(4)(B).

Even if Massaquoi's criminal judgment should have included the forfeiture order, Massaquoi has not shown that the District Court should have granted his motion to amend. More than fifteen years have passed since Massaquoi's criminal judgment was entered. In <u>Bennett</u>, the government apparently sought to amend the judgment because the defendant had moved for a return of property. Here, the Government states that the forfeiture occurred long ago and that Massaquoi has never sought review of the final forfeiture order. Massaquoi does not explain why an amendment is needed now. <u>Cf.</u>

4

United States v. Frady, 456 U.S. 152, 175 (1982) (recognizing societal interest in the finality of criminal judgments).

      Accordingly, we will affirm the judgment of the District Court.