**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2152
_____

UNITED STATES OF AMERICA

v.

JOHN D. HALL
aka Jonathan Hall,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:99-cr-00644-001)
District Judge: Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on August 25, 2022

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: September 9, 2022)

_____

———————

OPINION*

———————

PER CURIAM

Federal inmate John Hall appeals from the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

Hall and an accomplice carried out armed robberies of two banks and committed home invasions and carjackings of the banks' managers. A federal jury found Hall guilty of two counts each of armed bank robbery, carjacking, conspiracy to commit armed bank robbery and carjacking, and several related weapons charges (including two counts of brandishing firearms in furtherance of violent crimes in violation of 18 U.S.C. § 924(c)(1)(A)(ii)). The District Court imposed a sentence of nearly 54 years in prison, which included a mandatory consecutive term of 25 years on the second § 924(c) conviction. Hall's direct appeal and post-conviction motions have been largely unsuccessful.[1] His projected release date is September 18, 2045.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] On direct appeal, we affirmed the judgment but issued a limited remand for the dismissal of duplicative charges. See United States v. Hall, 44 F. App'x 532, 536 (3d Cir. 2002) (per curiam). The dismissal of those charges did not affect Hall's prison sentence. Most recently, we granted permission for him to file a second or successive 28 U.S.C. § 2255 motion relying on Johnson v. United States, 576 U.S. 591 (2015). The District Court denied the motion, and Hall's request for a certificate of appealability is now pending (C.A. No. 20-1551).

In September 2020, Hall filed a motion under § 3582(c)(1)(A), asserting that he had "extraordinary and compelling" reasons justifying the modification of his sentence. Hall argued that Congress's nonretroactive amendment to § 924(c) through the First Step Act of 2018 created a sentence disparity that constituted an "extraordinary and compelling" ground under § 3582(c)(1)(A), because if he were sentenced today under the amended statute, his sentence would be 18 years shorter than the sentence actually imposed. See ECF No. 274 at 12–16. He maintained that this sentencing disparity, when combined with his rehabilitation successes, constituted an "extraordinary and compelling" reason for reducing his sentence, and that the sentencing factors of 18 U.S.C. § 3553(a) weighed in favor of reducing his sentence to time served with supervised release or home confinement. See id. at 15–18. Thereafter, the District Court stayed action on Hall's motion pending a decision in United States v. Andrews, C.A. No. 20-2768, an appeal then before this Court which contained the same legal issue posed by Hall. After we decided the Andrews appeal in August 2021, see 12 F.4th 255, 262 (3d Cir. 2021), the Government filed its response in opposition to the motion. Hall filed a reply.

In June 2022, the District Court denied Hall's motion in light of our decision in Andrews. Hall filed this appeal. The Government has now filed a motion for summary affirmance, and Hall has submitted a response in opposition.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for an abuse of decision. See Andrews, 12 F.4th at 259. This means that we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the

relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (cleaned up). We will summarily affirm the District Court's judgment if the appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court did not abuse its discretion in denying Hall's motion to modify his sentence. Our decision in Andrews controls here. In Andrews, we decided that the nonretroactive changes to § 924(c) do not qualify as "extraordinary and compelling reasons for reduction or release under § 3582(c)(1). See Andrews, 12 F.4th at 262. There is nothing distinguishing the legal issue in Hall's case from Andrews' case. Hall asserts on appeal that the Andrews decision has been partially abrogated by the United States Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022) (holding only "that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act"). We disagree. Concepcion did not address what qualifies as an "extraordinary and compelling" reason under the compassionate release statute. See United States v. King, 40 F.4th 594, 596 (7th Cir. 2022) ("Concepcion is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release.").

Hall also contends on appeal that the District Court ignored his arguments concerning his rehabilitation success and advocating for a non-custodial sentence.[2] But the

_____

[2] To the extent that Hall's mention of home confinement could be construed as a freestanding request for that relief, we note that Congress has conferred the exclusive authority to authorize home-confinement on the BOP. See 18 U.S.C. § 3624(c)(2); see also CARES Act, Pub. L. 116-136, Mar. 27, 2020, 134 Stat. 281, Div. B, Title II,

District Court *did* acknowledge Hall's rehabilitation efforts when it ruled that "even if th[e] Court were to consider that Hall is reformed and rehabilitated, he would still not be eligible for immediate release." The District Court noted that Hall had served only 25 years of his sentence.[3] The District Court did not abuse its discretion by considering that fact within its analysis of the motion to modify his sentence, and determining that Hall was also ineligible for release on this basis. See Pawlowski, 967 F.3d at 330-31 (approving a court's consideration of the amount of time remaining in movant's sentence within the § 3582(c)(1)(A) analysis).

Accordingly, we will grant the Government's motion for summary action and affirm the District Court's judgment.[4]

---

§ 12003(b)(2) ("[T]he Director of the [BOP] may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under [§ 3624(c)(2)].") (emphasis added).

[3] The District Court further noted that, even if it accepted Hall's arguments that his sentence would be 18 years shorter under current law, Hall would still have a decade to serve.

[4] The Government's request to file its motion for summary affirmance out of time is denied as unnecessary because the Government filed the motion within the time permitted under our Local Appellate Rules. See 3d Cir. L.A.R. 27.4(b).